WLADYSKAW SZPAK, complainant-respondent,

*v.*

KAZIMIERA SZPAK, defendant-appellant.

[Submitted May 26th, 1933.   Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Advisory Master Minturn, who filed the following opinion:

"This is a suit brought by Wladyslaw Szpak, hereinafter called the husband, against Kazimiera Szpak, hereinafter called the wife, to have a deed of conveyance made by the husband to the wife declared void, or in the alternative, to impress a trust on the land for the benefit of the husband, and for an accounting.

"On March 15th, 1911, the husband purchased certain lands in Harrison, taking title in his name and the name of his wife, thus creating a tenancy by the entirety. The husband managed this property, collected the rents, and took full charge of it until June 22d, 1920, when he conveyed his interest to the wife. The husband claims that he paid the purchase price for said lands, made all the necessary repairs, and paid all the expenses. The wife on the other hand, claims the property was bought with joint funds, and that the expenses were shared jointly. This becomes immaterial in my opinion, since it applies only to cases where the original conveyance was made to some person other than the one who paid the purchase price. See *Lister* v. *Lister, 35 N. J. Eq. 49; affirmed, 37 N. J. Eq. 331; Duvale* v. *Duvale, 56 N. J. Eq. 375,* and cases cited therein; *McGee* v. *McGee, 81 N. J. Eq. 190.*

"The facts surrounding the conveyance of June 22d, 1920, are in dispute. The husband testified to his wife's insistence that he convey the property to her in view of the fact that he was making a trip abroad, and should anything happen to him, she would be able to dispose of the same property without any difficulty. Accordingly, a deed was drawn up by Edward Twardus, a member of the New Jersey bar, but neither party admits calling in Mr. Twardus to draw up the deed, and Mr. Twardus himself is uncertain on this point.

"The husband testified that before signing the deed, his wife told him, 'when you come back—you will have the property back again.' In this, he is corroborated by Mr. Twardus, who testified at the time of the signing of the deed there

was mention made of the husband's taking a trip to Europe, and that the wife, being fearful of her husband's dying, and despite his (Mr. Twardus') assurance that such deed was unnecessary, insisted that the conveyance be made, and agreeing to a return to the *status quo ante* on the return of the husband; and that such deed was made only because of the insistence of the wife.

"The wife, however, testified that her husband had bought a store a short time prior to this conveyance, and being in financial difficulties due to the purchase of this store, conveyed the property to her voluntarily and unconditionally so as to prevent its being taken away by his creditors. In this connection, it is to be noted that no deed to such a store was offered into the evidence, the only document on this subject being a lease to the husband to take effect July 1st, 1920. Since the title to the property in question was conveyed to the wife on June 22d, 1920, the wife's story obviously lacks credibility.

"From all the evidence and especially the uncontradicted testimony of Mr. Twardus, I am inclined to believe the husband's story that he conveyed the property to his wife only on her insistence and fear of his contemplated trip and that the wife did in fact promise to reconvey the property upon his return.

"The only difficulty in the case at bar is the fact that the agreement is parol and under ordinary circumstances such a parol agreement is ineffectual even in a court of equity to raise a trust. *Sayre* v. *Lemberger, 92 N. J. Eq. 656; Coffey* v. *Sullivan, 63 N. J. Eq. 296; Fretz* v. *Roth, 70 N. J. Eq. 764.* The facts in the last mentioned cases were somewhat similar to the case at bar. But on a close reading of the case, it is easily seen that there is an important distinguishing feature. In that case, the complainant conveyed only a portion of the property that he owned, while in the case at bar the property conveyed by the husband consisted of his entire estate.

"This distinction is brought out in the case of *Sanford* v. *Sanford, 101 N. J. Eq. 485,* in an opinion by Vice-Chancellor Church, where he says (at *p. 487*) :

" 'In the case of *Fretz* v. *Roth, 70 N. J. Eq. 764,* the court of errors and appeals said (at *p. 786*) : "Nor does the case at bar seem to come within the operation of the general principle stated in *2 Story Eq. Jur.* § *1374 (3 Story—14th ed.—* § *1801*). Its language is as follows: 'Thus, for example, if a husband should by deed grant all his estate or property to his wife, the deed would be held inoperative in equity as it would be in law, for it could in no just sense be deemed a reasonable provision for her (which is all that courts of equity hold the wife entitled to),' and in giving her the *whole* he would surrender all his own interests.' "

" 'The court found that in the case before it the husband conveyed only a portion of his property. Nevertheless, the above principle was enunciated as a general principle and with approval. This case has been cited in subsequent decisions by our courts twelve times—ten times in this court and one in the court of errors and appeals and once in the prerogative court. In none of these cases is the principle above stated criticized, modified or set aside * * *.'

"In *Burger* v. *Burger, 105 N. J. Eq. 403* the court states it to be the general rule that where a fiduciary relation exists, the rules which exclude oral testimony to prove a trust do not necessarily apply, citing *Lovett* v. *Taylor, 54 N. J. Eq. 311,* and giving at the test, the intention of the parties.

"I think from all the facts that the husband has made out a case which entitles him to relief. The contention of defendant that the complainant is in laches is not borne out by the necessary proof as laid down in the case of *Silverman* v. *Klussman, 96 N. J. Eq. 621,* where Mr. Justice Minturn, speaking for the court of errors and appeals, said (at *p. 623*) :

" 'Neither the parties to the transaction nor the status of the parties has been changed since the deed was delivered, so as to evolve a condition of injustice between the present litigating parties which consideration presents the basic theory underlying the doctrine of laches. *Tooker* v. *Sugar Refining Co., 80 N. J. Eq. 306; Galliher* v. *Cadwell, 145 U. S. 368.'*

"Courts of equity in transactions involving purchases in confidential relationship, especially where husband and wife

are concerned, do not consider themselves bound by rules of evidence relating to parol testimony but rather adopt the equitable principle that the burden is on the donee to prove that the conveyance was intended as a gift. *Lovett* v. *Taylor, supra; Hall* v. *Otterson, 52 N. J. Eq. 522,* following by *Clark* v. *Clark, 87 N. J. Eq. 504.*

"A court of equity will not sustain a man's act in divesting himself of his entire estate and allowing the wife to keep such estate. Under the circumstances of this case, I am of the opinion that there is no reasonable doubt but that the intention of the parties was that there was to be a reconveyance to the husband.

"Accordingly, I will advise a decree that the defendant reconvey to the complainant his original interest in the property, and account to the complainant according to the prayer of the bill. If counsel will prepare an order in conformity with the above conclusions, I shall advise the same."

*Mr. Alexander Simpson,* for the appellant.

*Mr. A. Milton Jacobs,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Advisory Master Minturn in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.